Basila Unemployment Compensation. Case.

Argued March 4, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Albert B. Mackarey,* for appellant, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., April 18, 1963:

The claimant-appellant, Helen Miles Basila, was denied unemployment compensation from George Basila, Inc., on the basis that she was self-employed and ineligible for bentfits under the provisions of section 402(h) of the Unemployment Compensation Law.

Our review of the record discloses sufficient competent evidence to support the finding made by the Unemployment Compensation Board to the effect that she and her husband owned eighty per cent of the stock of the company and were in control of its corporate activities. Therefore, this finding of the board must be sustained. *Progress Manufacturing Company, Inc. v. Unemployment Compensation Board of Review,* 406 Pa. 163, 176 A. 2d 632.

The evidence would justify a finding that George Basila was a skilled artisan in masonry work, that based on his skill he and the claimant had conducted a contracting business from their home for many years until June 27, 1961, when they incorporated "For income tax and other general tax purposes"; and that thereafter they continued the conduct of the business in the same manner although under the new corporate name. The record is vague and uncertain as to the total number of shares issued by the new corporation, only six or seven shares are accounted for. All of the shares are held either by claimant or her husband or other close relations, and have been transferred among themselves without any evidence of contribution of capital by the relatives to whom shares may have been transferred.

In such cases it was permissible for the unemployment compensation authorities to pierce the corporate veil in order to determine the true ownership of the corporation. *DePriest Unemployment Compensation Case,* 196 Pa. Superior Ct. 612, 177 A. 2d 20; *Hamburg Unemployment Compensation Case,* 192 Pa. Superior Ct. 598, 162 A. 2d 55.

The facts found by the compensation authorities being amply supported by the evidence and the law properly applied, its decision must be affirmed.

Decision affirmed.